UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ANDREA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No: 2:22-cv-02100 |
| EGS FINANCIAL CARE, INC.; FIRST | ) | |
| CONTACT, LLC; GC SERVICES LP, and | ) | |
| iENERGIZER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT IENERGIZER, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant iEnergizer, Inc. ("Defendant"), through its undersigned counsel, responds to Plaintiff Andrea Smith's Complaint as follows:

## INTRODUCTION

1.      Count I of Ms. Smith's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.  The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

**ANSWER:    Defendant admits Plaintiff purports to bring a claim under the TPCA against one of the other defendants.  As to the remaining allegations in the above paragraph, Defendant states the TCPA speaks for itself and denies any allegations in the above paragraph that misrepresent, misquote, or mischaracterize its contents.**

2.      Count II of Ms. Smith's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*., which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

**ANSWER:    Defendant admits Plaintiff purports to bring a claim under the FDCPA but denies she has a valid claim under it.  As to the remaining allegations in the**

above paragraph, **Defendant states the FDCPA speaks for itself and denies any allegations in the above paragraph that misrepresent, misquote, or mischaracterize its contents.**

3.      Count III of Ms. Smith's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns ... that would be highly offensive to a reasonable person."

**ANSWER:   Defendant admits Plaintiff purports to bring a claim invasion of privacy but denies she has a valid claim for such.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph.**

## JURISDICTION

4.      Jurisdiction of this court arises under 28 U.S.C. §§1331, 1367 and 47 U.S.C. §227.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

5.      Federal question jurisdiction exists because Defendants' conduct violates Ms. Smith's rights under the TCPA and the FDCPA, federal statutes.

**ANSWER:   Defendant denies it violated Plaintiff's "rights," denies it violated the TCPA, and denies it violated the FDCPA.   Defendant also denies it caused Plaintiff any damages and denies Plaintiff is entitled to any relief.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph.**

6.      Supplemental jurisdiction exists because all of Plaintiff's claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

7.     Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to the claim occurred within the geographic boundary of the Western District of Tennessee.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

8.     Because Defendants' conduct was aimed at, the effects of its conduct were suffered in, and it transacts business in the Western District of Tennessee, personal jurisdiction is established.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

<u>**PARTIES**</u>

9.     Ms. Smith is a natural person.

**ANSWER:     Upon information and belief, admitted.**

10.     During all times pertinent to this complaint Ms. Smith resided in Bartlett, Tennessee.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

11.     Ms. Smith is a "consumer" as defined under 15 U.S.C. §1692a(3).

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

12.     Defendants are "debt collector[s]" as defined under 15 U.S.C. §1692a(6).

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

13.     EGS is a Pennsylvania debt collector with its principal place of business located in Irvine, California.  EGS can be served at its principal place of business located at 5161 California Ave Ste 100, Irvine, CA 92617.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

1049516\310356920.v1

14.    First Contact is a Minnesota debt collector, and its principal place of business is located at 12755 Highway 55, Suite 300, Plymouth, MN 55441.  First Contact can be served through its registered agent CT Corporation Systems Inc., located at 1010 Dale St N, St Paul, MN 55117.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

15.    GC Services is a Delaware debt collector with its principal place of business located at 6330 Gulfton, Houston, TX 77081.  GC Services can be served through its registered agent CT Corporation Systems Inc., located at 1999 Bryan St., Ste 900, Dallas, TX 75201.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

16.    iEnergizer is a Delaware debt collector.  iEnergizer can be served through its registered agent Agents for Delaware Corporations, Inc., located at 310 Alder Road, P.O. Box 841, Dover DE 19904.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

17.    Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

## FACTUAL ALLEGATIONS

18.    The debt underlying this action are "debt" as defined under 15 U.S.C. §1692a(5) because it originated in obligations or alleged obligations of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

19.    Beginning in or around August 2018, Defendants began calling Ms. Smith's cellular phone attempting to collect a debt allegedly owed by Ms. Smith to non-party Credit One Bank, N.A. ("Credit One").

1049516\310356920.v1

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

20.     Credit One hired third party vendors GC Services, iEnergizer, and First Contact to place the collection calls to Credit One customers including Ms. Smith.

**ANSWER:    Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

21.     Defendants placed the collection calls and impersonated Credit One, hiding their true identities and relationships as debt collectors.

**ANSWER:    Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

22.     Defendants misrepresented and deceived Ms. Smith as to their true identity and their affiliation to Credit One.

**ANSWER:    Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

23.     Defendants placed telephone calls to Ms. Smith's cellular phone without a meaningful disclosure as to their true identity.

**ANSWER:    Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

24.     Defendants intentionally and knowingly refrained from disclosing their true identity so as to circumvent and avoid the requirements of the FDCPA

**ANSWER:    Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

1049516\310356920.v1

25.     Defendants provided call center collectors to Credit One and used their own agents and equipment to contact Ms. Smith.

**ANSWER:     Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

26.     Defendants are in the business of collecting consumer debts owed or due or asserted to be owed or due another.

**ANSWER:     Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

27.     Between August 21, 2018 and December 7, 2019, Defendants called Ms. Smith on her cellular telephone no less than **ONE THOUSAND AND EIGHTY-FIVE** (1,085) times.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph.**

28.     On or about December 7, 2019, Ms. Smith answered a call from Defendants. After picking up the call, Ms. Smith noticed an unusually long delay and recalls hearing a series of clicks, beeps or tones before the representative began speaking, consistent with the use of an automatic dialing system.

**ANSWER:     Defendant denies it made an attempted call to Plaintiff in December 2019 and denies the allegations in the above paragraph directed towards it accordingly. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

29.     The representative informed and led Ms. Smith to believe that the representative was an employee of Credit One.

**ANSWER:     Defendant denies it ever spoke with Plaintiff and denies the allegations in the above paragraph directed towards it accordingly.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

6

30.     The representative then informed Ms. Smith that the representative was attempting to collect an alleged debt owed by Ms. Smith to Credit One.

**ANSWER:   Defendant denies it ever spoke with Plaintiff and denies the allegations in the above paragraph directed towards it accordingly.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

31.     After going through the identification process, Ms. Smith informed the representative that she had no money to pay because her boiler system broke down and she needed to replace it.

**ANSWER:   Defendant denies it ever spoke with Plaintiff and denies the allegations in the above paragraph directed towards it accordingly.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

32.     Ms. Smith instructed the representative to stop calling her and instead to communicate with her by mail.

**ANSWER:   Defendant denies it ever spoke with Plaintiff and denies the allegations in the above paragraph directed towards it accordingly.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

33.     Despite Ms. Smith expressly informing the representative not to call her and that she could not pay at the time, Defendants began a harassment campaign by calling Ms. Smith on her cellular phone relentlessly for four months, including on the weekends.

**ANSWER:   Defendant denies the allegations in the above paragraph directed towards it.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

34.     The calls originated from the following numbers: (866) 431-2304; (205) 848-6375; (901) 979-0879; (205) 848-6382; (205) 848-6267; (205) 848-6320; (205) 848-6335; (205) 848-6404; (205) 848-6283; (205) 848-6345; (205) 848-6426; (205) 848-6294; (205) 882-7231; (205) 882-7169; (205) 882-7200; (205) 882-7207; (205) 882-7237; (205) 882-7175; (205) 882-

7212; (205) 882-7242; (205) 882-7180; (205) 882-7254; (205) 882-7191; (205) 855-0231; (205) 855-0288; (205) 855-0169; (205) 855-0300; (205) 855-0190; (205) 855-0248; (205) 855-0307; (205) 855-0198; (205) 855-0261; (205) 855-0222; (205) 855-0276; (205) 855-0330; (205) 573-4215; (205) 778-1129; (205) 778-1766; (205) 778-1485; (205) 778-1 914; (205) 778-1535; and (205) 778-2137.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

35.   Upon information and belief, these numbers are independently owned or operated by Defendants.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

36.   Upon information and belief, Defendants "spoofed" or made their calls to show as originating from those numbers.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

37.   Between December 23, 2019 and March 13, 2020, First Contact called Ms. Smith on her cellular telephone no less than **FOUR HUNDRED AND EIGHTY-EIGHT** (488) times after Ms. Smith requested for the calls to cease.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

38.   Defendants called Ms. Smith almost every day, including the weekends.

**ANSWER:   Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

39.   Defendants called Ms. Smith several times a day on a regular basis, up to four (4) times in one day.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

1049516\310356920.v1

40.     Defendants called Ms. Smith at all times of the day, from as early as 8 a.m., to as late at 8 p.m.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

41.     Upon information and belief, Defendants also called and texted, or attempted to call and text friends and family of Ms. Smith with the intention that they would communicate to Ms. Smith that Defendants were attempting to collect a debt from her, causing Ms. Smith additional embarrassment and distress.

**ANSWER:     Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

42.     Upon information and belief, Defendants called Ms. Smith and delivered prerecorded or artificial voice messages.

**ANSWER:     Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

43.     Upon information and belief, Defendants' systems "use a random generator to determine the order in which to pick phone numbers from a preproduced list" as provided to it by Credit One and "then store those numbers to be dialed at a later time." *Facebook, Inc. v. Duguid*, 592 U.S. ____, slip op. 10, n.7 (2021).

**ANSWER:     Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

44.     Upon information and belief, Defendants' equipment used to call Ms. Smith has the capacity to store a telephone number using a random or sequential number generator and then dial those numbers at the appropriate times of the day so as to not call before the allowable times depending on the zip code where each of the Credit One customers reside.

**ANSWER:     Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

1049516\310356920.v1

45.     Upon information and belief, Defendants' systems used to call Ms. Smith have the capacity to produce a telephone number using a random or sequential number generator.

**ANSWER:     Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

46.     Defendants' intrusion upon Ms. Smith's seclusion was highly offensive to the reasonable person and exceeded reasonable collection efforts.   Defendants' conduct was especially unreasonable because they called relentlessly shortly after Ms. Smith had explained the reason why she did not have money to repay and expressly revoked consent to be called.

**ANSWER:     Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

47.     Defendants' conduct was not only knowing and willful but was done with the intention of causing Ms. Smith such distress, so as to induce her to pay the debt or somehow pay more than she was able to.

**ANSWER:     Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

48.     Defendants are familiar with the TCPA and the FDCPA.

**ANSWER:     Defendant is aware of the TCPA and FDCPA but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph as the term "familiar" is subject to multiple meanings and interpretations.**

49.     Each and every one of Defendants' telephone calls caused Ms. Smith distraction and temporary loss of use of her telephone line.

**ANSWER:     Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

50.     As a result of Defendants' conduct, Ms. Smith has sustained actual damages including but not limited to, stress, anxiety, embarrassment, anguish, severe emotional and mental pain.

**ANSWER:     Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

51.     Ms. Smith was additionally forced to spend considerable time, money and effort into identifying the actual parties that were violating her rights because Defendants had intentionally concealed their true identities and deceived Ms. Smith into believed it was Credit One who was calling her.

**ANSWER:     Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

### *Procedural Background*

52.     On August 18, 2020, non-party Michelle Jones –represented by undersigned counsel's law firm– filed a complaint against Credit One and Does 1-5, before the U.S. District Court for the District of Nevada (the "Jones Litigation").  (*Jones, Michelle v. Credit One Bank, N.A. et al.*, Case No. 2:20-cv-01523.)

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

53.     On May 28, 2020, Plaintiff filed a complaint against Credit One and Does 1-5, before the U.S. District Court for the District of Nevada.  (*Smith, Andrea v. Credit One Bank, N.A. et al.*, Case No. 2:20-cv-00959-KJD-EJY.)

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

54.     On December 8, 2020, the Nevada Court granted Credit One's motion to compel arbitration in the Jones Litigation, as well as other cases pending in the Nevada District against Credit One and Does 1-5 alleging similar facts and asserting similar claims, and represented by undersigned counsel 's law firm.  (Doc. 19.)

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

55.     Thereafter, Plaintiff filed a demand for arbitration against Credit One before AAA.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

56.     On or about November 3, 2021, Plaintiff and Credit One settled that arbitration.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

57.     On or about December 22, 2021, Credit One disclosed to Plaintiff, and Plaintiff learned for the first time, that Defendants were the unidentified parties named "Does 1-5" in Plaintiff's Nevada litigation and AAA arbitration against Credit One.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

## <u>COUNT I</u>

### Violations of the TCPA, 47 U.S.C. §227

58.     Ms. Smith incorporates by reference the foregoing paragraphs as though fully stated herein.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

59.     First Contact violated the TCPA.  First Contact's violations include, but are not limited to the following:

a)     Within four years prior to the filing of this action, on multiple occasions, First Contact violated 47 U.S.C. §227(b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice – to any telephone number assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call."

b)     Within four years prior to the filing of this action, on multiple occasions, First Contact violated 47 U.S.C. §227(b)(1)(B) which states in pertinent part, "It shall be unlawful for any person within the United States ... to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party ... ."

1049516\310356920.v1

c)      Within four years prior to the filing of this action, on multiple occasions, First Contact willfully and/or knowingly contacted Ms. Smith on her cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, First Contact knowingly and/or willfully violated the TCPA.

**ANSWER:   Plaintiff does not direct the allegations in the above paragraph or Count I of the Complaint towards Defendant—thus requiring no response by Defendant. To extent a response is required by Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

60.     As a result of Defendants' violations of 47 U.S.C. §227, Ms. Smith is entitled to declaratory judgment that First Contact's conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages for each and every negligent violation, pursuant to 47 U.S.C. §227(b)(3)(B).  If the Court finds that First Contact knowingly and/or willfully violated the TCPA, Ms. Smith is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B), (C).

**ANSWER:   Plaintiff does not direct the allegations in the above paragraph or Count I of the Complaint towards Defendant—thus requiring no response by Defendant. To extent a response is required by Defendant, Defendant denies it violated the TCPA, denies it caused Plaintiff any damages, and denies Plaintiff is entitled to any relief. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph or those directed towards the other defendants.**

## COUNT II

### Violations of the FDCPA, 15 U.S.C. §1692 *et seq*.

61.     Ms. Smith incorporates by reference the foregoing paragraphs as though fully stated herein.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

62.     Defendants violated the FDCPA.  Defendants' violations include, but are not limited to the following:

a)      collecting or attempting to collect a consumer debt without complying with the provisions of 15 U.S.C. §§1692b to 1692j;

b)      engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, 15 U.S.C. §1692d;

c)      causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, 15 U.S.C. §1692d(5);

d)      using false, deceptive, or misleading representations or means in connection with the collection of any debt, 15 U.S.C. §1692e;

e)      using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. §1692e(10);

f)      failing to disclose in the initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and failing to disclose in subsequent communications that the communication is from a debt collector, 15 U.S.C. §1692e(11);

g)      using Credit One's name instead of Defendant's true business, company, or organization name, 15 U.S.C. §1692e(14);

h)      using unfair or unconscionable means in connection with the collection of an alleged debt, 15 U.S.C. §1692f.

**ANSWER:   Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

63.      Defendants' acts, as described above, were done knowingly and willfully.

**ANSWER:   Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

64.      As a result of the foregoing violations of the FDCPA, Defendants are liable to Ms. Smith for declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.  15 U.S.C. §1692k(a).

**ANSWER:   Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

14

## COUNT III

### Invasion of Privacy - Intrusion Upon Seclusion

65.     Ms. Smith incorporates by reference the foregoing paragraphs as though fully stated herein.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

66.     Restatement of the Law, Second, Torts, §652B defines intrusion upon seclusion as, "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or her private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

67.     Defendants violated Ms. Smith's privacy.  Defendants' violations include, but are not limited to, the following:

        a)     Defendants intentionally intruded, physically or otherwise, upon Ms. Smith's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite a request(s) for the calls to cease.
        b)     The number and frequency of the telephone calls to Ms. Smith by Defendants after a request(s) for the calls to cease constitute an intrusion on Ms. Smith's privacy and solitude.
        c)     Defendants' conduct would be highly offensive to a reasonable person as Ms. Smith received countless calls that often interrupted and occupied her phone line.
        d)     The frequency and volume of Defendants' calls were harassing to Ms. Smith.

**ANSWER:     Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

68.     Defendants' acts, as described above, were done intentionally with the purpose of coercing Ms. Smith to pay the alleged debt.

**ANSWER:     Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards the other defendants.**

15

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses in response to Plaintiff's Complaint and to the all claims for relief contained therein:

### First Defense

Plaintiff's claims are barred in whole or in part because she consented to the calls at issue.

### Second Defense

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver, and unclean hands because Plaintiff accepted the alleged calls without objection and/or acted in bad faith in relation to the instant claims.

### Third Defense

Plaintiff's claims are barred in whole or part because she lacks standing.

### Fourth Defense

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations for such claims.

### Fifth Defense

Defendant established and implemented, with due care, reasonable practices and procedures to effectively prevent the alleged violations.  Any purported violations, which Defendant denies occurred, were unintentional, and occurred despite of procedures reasonably adapted and maintained to avoid such violations.

### Sixth Defense

Defendant affirmatively states that any alleged violations of the FDCPA were not intentional and resulted from a *bona fide error* notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

1049516\310356920.v1

## RESERVATION OF RIGHTS

Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil

Procedure and any other defenses at law or in equity that may now or in the future be available

based on discovery or other factual investigations concerning this case.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor

and award it its attorneys' fees and costs in defending this action, along with any other relief the

Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil

Procedure.

Respectfully submitted:
HINSHAW & CULBERTSON LLP
*/s/  Joseph D. Kern*
Joseph D. Kern (*admitted pro hac vice*)
151 N. Franklin, Suite 2500
Chicago, IL 60606
Telephone:  312-704-3000
Facsimile:  312-704-3001
jkern@hinshawlaw.com
*Attorney for Defendant iEnergizer, Inc.*

17

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, certify that on April 27, 2022, I caused to be served a copy of the foregoing by: depositing same in the U.S. Mail box, postage prepaid; messenger delivery; UPS; facsimile; email; or electronically via the Case Management/Electronic Case Filing system ("ECF"), as indicated below.

☒ ECF
☐ Facsimile
☐ UPS
☐ U.S. Mail
☐ E-Mail
☐ Messenger Delivery

To:  Christopher Kim Thompson
     Thompson Law
     4525 Harding Pike, Ste. 203
     Nashville, TN 37205
     kim@thompsonlawoffice.com
     *Counsel for Plaintiff*

     Tarek Chami
     Price Law Group, APC
     8245 N. 85th Way
     Scottsdale, AZ 85258
     tarek@pricelawgroup.com
     *Counsel for Plaintiff*

     John J. Cavo
     Kaufman Dolowich Voluck LLP
     135 S. LaSalle Ave., Suite 2100
     Chicago, Illinois 60603
     jcavo@kdvlaw.com
     *Counsel for GC Services LP*

     Alan Ritchie
     PILGRIM CHRISTAKIS LLP
     321 North Clark Street, Suite 26th Floor
     Chicago, IL 60654
     aritchie@pilgrimchristakis.com
     *Counsel for EGS Financial Care, Inc.*

                                        */s/  Joseph D. Kern*